# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAWN MOSLEY and MARY BETH
MARLOW

          **Plaintiffs,**

-vs-                                          Case No. 6:08-cv-1444-Orl-19GJK

**DRAKE LAWN & PEST CONTROL, INC.,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **PARTIES RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 38) |
| **FILED:** | May 7, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiffs and Defendant jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. Nos. 38, 38-2 at 18-20.[1]

---

[1] On February 12, 2009, the parties previously filed a Joint Motion for Approval of Settlement (the "First Motion"). Doc. No. 34. On May 6, 2009, the undersigned entered an order denying the First Motion without prejudice because it failed to address the reasonableness of the attorneys' fees and costs under the Agreement and, therefore, there was

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

---

insufficient information for the Court to assess the reasonableness and fairness of the Agreement. Doc. No. 37. On May 7, 2009, the parties filed the Motion. Doc. No. 38.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id*.  In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.  *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid, counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute.  *See* Doc. Nos. 1, 15-16, 21-22, 34, 38.  The parties were represented by independent counsel who were obligated to vigorously represent their clients.  *Id*.  The parties agreed to settle Plaintiffs' claims in exchange for a release of all claims for a total sum of $13,000.00, of which Plaintiffs will each receive $3,685.01 for unpaid overtime wages and liquidated damages, and Plaintiffs' counsel will receive $5,629.98 for attorneys' fees and costs.  Doc. No. 38-2 at 18-19.  On September 30, 2008, each Plaintiff filed Answers to the Court's Interrogatories claiming $3,685.00 plus liquidated damages in unpaid overtime wages.  Doc. Nos. 15-16.  Thus, Plaintiffs state that they will receive full compensation for all unpaid wages.  Doc. No. 38 at ¶ 12.  In the Motion, Plaintiffs' state that in order for them to "receive the most 'cash in hand'" they agreed to structure the settlement to equally divide the proceeds received between wages and liquidated damages.  *Id*.

Scott C. Adams, Plaintiffs' counsel of record, provided a sworn affidavit setting forth the precise final distribution of all settlement funds and a detailed time sheet showing all hours expended on the case. Doc. No. 38-2. In his affidavit, Plaintiffs' counsel states:

> Each Plaintiff will "net" the $3,685.01 . . . minus applicable taxes. The forgoing amount will not be further reduced by application of a contingency fee agreement or any additional costs. All fees and costs are encompassed in the $5,629.95 . . . as represented in the settlement agreement.

Doc. No. 38-2 at 7. Counsel's detailed time sheet shows he expended 27.9 hours of time on the case. Doc. No. 38-2 at 2-7, 10-16. Counsel states that his reasonable hourly rate is $250.00 per hour. *Id*. at 1-2 (citing *Gray v. Golden Bear Day School, Inc., et. al.*, Case No. 6:08-cv-3-Orl-31KRS, Doc. Nos. 31-33 (M.D. Fla. 2008)). Counsel calculates that the total value of attorneys' fees as $6,975.00 ($250.00 per hour x 27.9 hours = $6,975.00). Counsel has agreed to reduce the total attorneys' fees and costs under the Agreement to $5,629.95. In his affidavit, Mr. Adams states that Plaintiffs and counsel "have agreed to pay prior counsel, N. James Turner, the sum of $2,200." Doc. No. 38-2 at 7. Therefore, Mr. Adams will receive $3,429.95 in attorneys' fees and costs under the Agreement. *Id*.

In *Gray*, Case No. 6:08-cv-3-Orl-31KRS, Doc. Nos. 33 (M.D. Fla. 2008), a similar FLSA case within the Middle District of Florida, the Honorable Gregory A. Presnell determined that a reasonable hourly rate for Plaintiff's counsel is $250.00 per hour. *Id*. Thus, the undersigned recommends that the Court find the rate requested for counsel coupled with the agreement to reduce counsel's total fees and costs to $5,629.95 is reasonable. After reviewing the detailed

time sheet, the undersigned also recommends that the Court find that the amount of time spent on the case was reasonable.

The undersigned finds the proposed Agreement in exchange for Plaintiffs' release of all claims and dismissal of the action with prejudice to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Joint Motion (Doc. No. 38) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case;

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 14, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties